IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BILL SHUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. 03-1381-JTM |
| | ) | |
| WICHITA HOCKEY, INC. d/b/a WICHITA | ) | |
| THUNDER, HORN CHEN, ICE HOCKEY LLC | ) | |
| d/b/a INDIANAPOLIS ICE and EXPRESS | ) | |
| SPORTS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT
## FOR PRELIMINARY INJUNCTION AND
## OTHER RELIEF

COMES NOW the plaintiff, Bill Shuck, and for his cause of action against defendants allege and state:

### Facts Common to All Counts

1.    Plaintiff, Bill Shuck, is a resident of Wichita, Sedgwick County, Kansas, and is the former General Manager of defendant Wichita Hockey, Inc. d/b/a Wichita Thunder, Inc. (hereinafter individually, "Wichita Thunder") over an eleven year period ending in November of 2002.

2.    Defendant, Wichita Thunder, is a Kansas corporation located at 505 W. Maple, Wichita, Sedgwick County, Kansas 67213.  Defendant Wichita Thunder's registered agent for service of process is currently listed as plaintiff Bill Shuck; therefore, service of process is proper upon leaving a copy of the summons and petition at the place of business located as described with David Holt, current general manager, and the person having charge thereof.

3.      Upon information and belief, defendant Horn Chen, an individual, is a resident of Illinois, and is the owner of defendant Wichita Thunder. Defendant Chen may be served by certified mail at 2485 Telegraph, Bannock Burn, Illinois 60015.

4.      Upon information and belief, defendant Ice Hockey LLC d/b/a Indianapolis Ice is an Indiana business entity, and acted as health plan administrator for Wichita Thunder over the period in question.  Ice Hockey LLC d/b/a Indianapolis Ice is not a Kansas registered entity; therefore, service of process is appropriate on the Kansas Secretary of State.

5.      Defendant Express Sports LLC is an Oklahoma limited liability company who is the managing partner of the Wichita Thunder.  Express Sports LLC is not a Kansas Registered entity; therefore, service of process is appropriate on the Kansas Secretary of State.

6.      The jurisdiction of the court is founded on the existence of a Federal Question. The action arises under the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), 29 U.S.C.S. § 1161 *et seq*, as more fully set forth herein.

7.      During 2002, plaintiff and defendants Chen and Wichita Thunder entered into an oral agreement whereby plaintiff committed to serve as general manager of defendant Wichita Thunder through the end of the season and until the end of the fiscal year in May, 2003 and defendants Chen and Wichita Thunder committed to keep him employed.

8.      At the time of oral agreement, plaintiff was to receive a salary with other benefits consisting of five percent of net profits and employer paid group health coverage.

9.      In November, 2002, plaintiff was  informed that his employment would be terminated immediately, though he would be paid through December, 2002.

2

### Count I: Breach of Contract against Defendants Wichita Thunder and Chen

10.     Plaintiff incorporates by reference paragraphs 1 through 9 from above as if fully set forth herein.

11.     Plaintiff had an oral employment contract for the 2002-2003 fiscal year.

12.     Defendants have failed and refused to pay plaintiff's salary and compensation after December 31, 2002 until the end of the contract period in May, 2003.

WHEREFORE, plaintiff prays for contract damages in the amount of his wages and bonus and benefits plus other incidental and consequential damages and all other relief that the Court deems just and equitable.

### Count II: Violation of COBRA against All Defendants

13.     Plaintiff incorporates by reference paragraphs 1 through 12 from above as if fully set forth herein.

14.     At different points in time different entities have acted as plan administrator of the health insurance plans offered to Wichita Thunder employees.  Plaintiff believes that defendant Chen is the owner of all of the entities who were or are responsible for administering health insurance benefits for Wichita Thunder employees.

15.     When plaintiff was terminated, he did not receive any written notice of his rights to continued coverage pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), 29 U.S.C.S. § 1161 *et seq*.

16.     After plaintiff's termination, plaintiff continued to receive health insurance coverage at his employer's expense under the group health plan until May, 2003, at which point he was notified by a telephone call that all health coverage expired.

17.    When his health coverage ended, plaintiff did not receive written notice of rights to continued coverage pursuant to COBRA, 29 U.S.C.S. § 1161 *et seq*.

18.    From the date of the termination of his employment and of health coverage continuing to the present, plaintiff has not received opportunity to elect continued coverage under the group health plan in violation of Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA), 29 U.S.C.S. § 1166(a).

WHEREFORE, plaintiff prays for damages including continued health insurance coverage retroactive to the date of termination of coverage in May, 2003; plus penalties as provided in 29 U.S.C.S. § 1132(c)(1) and attorney's fees as provided in 29 U.S.C.S. § 1132(g); and for all other relief that the Court deems just and equitable.

**Count III: Equitable Injunction**
**(Ordering Defendants to Provide Health Insurance Coverage)**

19.    Plaintiff incorporates by reference paragraphs 1 through 18 from above as if fully set forth herein.

20.    From the date of termination of health coverage continuing to the present, plaintiff has been unable to procure any health insurance.

21.    On or about October 17, 2003, plaintiff entered Wesley Medical Center in Wichita, Kansas and was admitted, diagnosed, and treated for acute myocardial infarction.

22.    Plaintiff was released from Wesley Medical Center on or about October 21, 2003.

23.    Plaintiff has been prescribed PLAVIX®, an anti-platelet medicine that helps keep platelets in the blood from sticking together and forming clots and can help protect patients from having another heart attack or stroke. The cost of PLAVIX® is believed to be $380.00 for a 100-day supply (approximately$3.80 per day). Plaintiff has also been prescribed Zocor®, a

4

cholesterol-lowering medication.  The cost of Zocor® is believed to be $430 for a 100-day

supply (approximately $4.30 day).  Plaintiff has been prescribed other heart, blood-pressure, and

blood-sugar medications, including Toprol®, Vasotec®, Niaspan®, and insulin.  The cost of all

Plaintiff's medication, injectors, and testing supplies is believed to be in excess of $600.00 per

month.  It is believed that plaintiff will be unable to secure the necessary prescriptions absent

medical insurance.

24.     Plaintiff currently has no primary care provider or "family doctor."  Plaintiff will

need to procure the services of a medical care provider to provide continued treatment related to

his heart condition and his recently diagnosed diabetes.  It is believed that plaintiff's option in

securing adequate treatment by a medical care provider absent medical insurance will be limited.

25.     Plaintiff is unable to afford the cost of the medical treatment incurred, and will be

unable to afford the continued treatment and prescription necessary for recovery.  The failure to

afford the necessary medical treatment and prescribed medication will greatly affect plaintiff's

continued recovery and will greatly increase the likelihood of subsequent health crises.  Plaintiff

will suffer irreparable injury if he continues to be uninsured because he will be unable to

complete preventative treatment including prescriptions and his options for medical treatment

will be limited.

26.     As to plaintiff's COBRA claim there is substantial likelihood of success on the

merits, as an employer's obligations are clearly set out in the statute and plaintiff's employer has

failed to comply with those.

27.     The injury to plaintiff and the potential harm he will suffer if he is unable to

procure his medications and follow up with his physicians far exceeds any potential damage to

5

defendants.

28.    An issuance of a preliminary injunction is not adverse to public-interest, and in fact, is consistent with the clear public policy mandated by Congress in the COBRA notification statute.

WHEREFORE, plaintiff prays for entry of a preliminary and permanent injunction against defendants, and any of its agents, employees, servants, officers, attorneys, or others acting in concert with the defendants or participating with the defendants, from their failure to provide continued health insurance coverage; for damages for lost income pursuant to the contract of employment; for damages stemming from medical care as would have otherwise been covered by the continuing health care; for attorney's fees and penalties as permitted under COBRA, for fees, penalties, and costs to the extent otherwise permitted by law; and for such other relief as the Court deems just and equitable.

> HITE, FANNING & HONEYMAN L.L.P.
> 200 West Douglas, Suite 600
> Wichita, KS  67202-3089
> Telephone:  (316) 265-7741
> Fax:  (316) 267-7803
> E-mail: tibbets@hitefanning.com
> E-mail: hill@hitefanning.com
>
> /s/
> _____
> Gaye B. Tibbets # 13240
> Scott M. Hill #21166
> *Attorneys for Plaintiff*

6

## VERIFICATION

STATE OF KANSAS      )
                         ) ss:
COUNTY OF SEDGWICK  )

BILL SHUCK, of lawful age, being first duly sworn, upon oath states:

That he is the plaintiff in the above-entitled action; that he has read the allegations

contained in the above and foregoing petition and knows the contents thereof; and that all of the

facts and allegations therein contained are true and correct to the best of his knowledge and

belief.


*Bill Shuck*

BILL SHUCK

Subscribed and sworn to before me, a notary public within and for the county and state
aforesaid, on this 28th day of October, 2003.

ALICIA M. RIETH
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 9-12-07

*Alicia M. Rieth*

Notary Public

My appointment expires:
September 12, 2007

7